UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


NEW PAR d/b/a VERIZON WIRELESS
and SKYWAY TOWERS, LLC, a Delaware
limited liability company,

        Plaintiffs,

                                        File No.  5:06-CV-115

v.

                                        HON. ROBERT HOLMES BELL

LAKE TOWNSHIP, a Michigan municipal
corporation,

        Defendant.

_____/


## O P I N I O N

       This matter is before the Court on Margaret A. Smith's motion to intervene as a defendant (Docket #24).  Plaintiffs, New Par, doing business as Verizon Wireless, and Skyway Towers, LLC, commenced this action against Defendant, Lake Township, alleging that Defendant had denied Plaintiffs' application to build a wireless telecommunications tower ("wireless tower") in violation of procedural due process and the Telecommunications Act of 1996.  Ms. Smith owns real property adjacent to the site of the proposed wireless tower and seeks to intervene pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure.  For the reasons that follow, the Court denies Ms. Smith's motion to intervene as a defendant.

# I.

In May of 2006 Plaintiffs submitted an application for a "Special Land Use Permit" to Defendant for the construction of a wireless tower at 4240 Cooper Road, Honor, Michigan.  Pursuant to a local ordinance Ms. Smith was notified of Plaintiffs' application in early May.  A public hearing on the application was held by the Lake Township Planning Commission ("Commission") on May 31, 2006.  At the hearing Ms. Smith and several other community members expressed their opposition to the proposed wireless tower.  (May 31, 2006 Minutes, Def.'s Corr. Br., Docket #33, Ex. C.)  At the close of the May 31 hearing the Commission denied Plaintiffs' application because Plaintiffs had failed to submit all of the necessary documentation.

On June 20, 2006, a second hearing was held by the Commission.  Prior to the June 20 hearing Plaintiffs submitted all of the documents that had formed the basis for the denial of the application at the May 31 hearing.  Again Ms. Smith and several other community members expressed their opposition to the proposed wireless tower.  (June 20, 2006 Minutes, Def.'s Corr. Br., Ex. D.)  At the close of the June 20 hearing the Commission denied Plaintiffs' application because the proposed wireless tower did not comply with the Sleeping Bear Dunes National Lakeshore Management Plan and thereby violated local ordinance § 14.20(A), (B) and (N).

Plaintiffs filed this lawsuit on July 25, 2006.  Ms. Smith learned of this case in October of 2006. In late November Ms. Smith learned that a mediation session was

scheduled in this case.  (Smith's Br., Docket #25, at 4.)  On December 4, 2006, a mediation session was held, during that session an agreement was reached.  On December 7, 2006, the Lake Township Board and the Lake Township Planning Commission held a joint hearing during which the December 4 agreement was approved.  (Dec. 7, 2006 Minutes, Def.'s Corr. Br., Ex. C.)

On December 19, 2006, Ms. Smith filed an action in Benzie County Circuit Court alleging that the decision of the Lake Township Board on December 7 was invalid because it was allegedly conducted in violation of the Michigan Open Meetings Act.  In the action in Benzie County Circuit Court, Ms. Smith also sought a temporary restraining order that would have barred Lake Township from signing the proposed consent judgment.  The Benzie County Circuit Judge denied the application for a temporary restraining order, having determined that Benzie County Circuit Court did not have authority over the litigation pending before this Court.  (Denial of TRO, Smith's Br., Ex. 4.)

On December 21, 2006, Ms. Smith filed the motion to intervene that is now before the Court.  Then on December 28, 2006, Plaintiffs and Defendant filed a proposed consent judgment embodying the agreement reached during the December 4 mediation session. Plaintiffs and Defendant then filed responses to Ms. Smith's motion to intervene.

## II.

The Federal Rules of Civil Procedure permit a third party to intervene as of right:

when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the

3

disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED. R. CIV. P. 24(a)(2).  To intervene as of right under Rule 24(a)(2) the third party must satisfy four elements:

> (1) timeliness of application;  (2) a substantial legal interest in the case;  (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court.

*Northeast Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006) (citing *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)).

### A.  Timeliness

A motion to intervene as of right must be timely.  FED. R. CIV. P. 24(a).  In determining whether Ms. Smith's motion to intervene is timely the Court must consider:

> "(1) the point to which the suit has progressed;  (2) the purpose for which intervention is sought;  (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention;  and (5) the existence of unusual circumstances militating against or in favor of intervention."

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 473 (6th Cir. 2000) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).  "The determination of whether a motion to intervene is timely 'should be evaluated in the context of all relevant circumstances.'" *Stupak-Thrall*, 226 F.3d at 472-73 (quoting *Jansen*, 804 F.2d at 340).

4

### 1. Stage of the Proceeding

The purpose of the timeliness inquiry is "'to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal.'" *Lefkovitz v. Wagner*, 395 F.3d 773, 778 (7th Cir. 2005) (quoting *United States v. South Bend Cmty. School Corp.*, 710 F.2d 394, 396 (7th Cir. 1983)).  Ms. Smith filed her motion to intervene after the parties had reached a settlement agreement, though her motion was filed before the parties filed the proposed consent judgment with the Court.  Ms. Smith notes that discovery is not scheduled to be completed until January 22, 2007, and that the trial is not scheduled to start until August 27, 2007.  However, those two dates do not alter the fact that this case has progressed to the point of final resolution through the considerable effort expended by the parties in reaching an agreement.

Moreover, this case was placed on an expedited track pursuant to the Telecommunications Act of 1996.[1]  The November 15, 2006, case management order

---

[1]In relevant part the Telecommunications Act of 1996 provides that:

Any person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction. The court shall hear and decide such action on an expedited basis.

47 U.S.C.A. § 332(c)(7)(B)(v) (West 2001).  Though the Commission rejected Plaintiffs' application on June 20, 2006, the Township did not send a letter advising Plaintiffs' of the rejection of the application until June 26, 2006.  (Letter from Dorothy Blank to Joann Wendels, Compl., Docket #1, Ex. F.)  As the letter was not sent until June 26, 2006, Plaintiffs filed this lawsuit within the thirty day period because § 332 required Lake

(Docket #21) indicated that a mediation session was to take place by December 8, 2006.  The case management order also indicated that discovery would close on January 22, 2007, and that dispositive motions must be filed by February 5, 2007.  However, Ms. Smith opted not to intervene promptly after the case management order was issued.  Though trial is almost eight months away, other events likely to be dispositive were scheduled much sooner: the first mediation conference, the close of discovery, and the filing of dispositive motions. These three events make clear that the case was not in an initial stage.  *See Stupak-Thrall*, 226 F.3d at 474 n.8 (recognizing that a case's expedited track is relevant to timeliness analysis).  Ms. Smith, who is an attorney, indicated that she had access to the electronic docket and that she had been able to review documents in this case.  (Smith's Br. 3-4.)  Thus, Ms. Smith presumably had knowledge of these critical junctures.[2]  Therefore, the Court finds that this factor weighs against Ms. Smith's application being timely.

---

Township's decision to be in writing.  § 332(c)(7)(B)(iii) ("Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.").  Therefore, this case was properly placed on an expedited schedule.

[2]The Rule 16 scheduling conference took place on September 29, 2006, and this fact was reflected in the electronic docket that same day.  (Sept. 29, 2006 Minutes, Docket#14.) Ms. Smith accessed the electronic docket for this case in early October, when the minutes would have been available to her.  The minutes from the Rule 16 scheduling conference gave Ms. Smith notice that a case management order would be forthcoming and thereby provided a reason for her to review the electronic docket at reasonable intervals.

### 2.  Purpose of Intervention

The Court next considers the purpose for which Ms. Smith seeks to intervene. Ms. Smith's brief did not specifically identify the purpose for which she seeks to intervene. Upon review of Ms. Smith's brief the Court has determined that Ms. Smith seeks to intervene for the purpose of: (i) protecting her interests as an adjacent landowner and (ii) preventing entry of the consent judgment.

Ms. Smith's first purpose has in part been met.  Ms. Smith was able to voice her concerns about the proposed wireless tower at the three public hearings held by Defendant. Additionally, Ms. Smith submitted a list of proposed modifications to the wireless tower to Defendant's counsel prior to the December 4 mediation session.  (Def.'s Corr. Br. 2.) Defendant's counsel further indicates that Ms. Smith's proposals were considered during the mediation session and that some of her proposals were incorporated into the proposed consent judgment.  (*Id.* at 2.)

Ms. Smith's second purpose, preventing the entry of the consent judgment, has not been met.  However, preventing the entry of the proposed consent judgment is only a means to achieve Ms. Smith's primary purpose - protecting her interests as an adjacent landowner.

The Court finds that this factor weighs slightly in favor of intervention.

### 3.  Possibility of Intervening Sooner

The third factor is the length of time preceding Ms. Smith's motion to intervene, during which she knew, or should have known, of her interest in this case.  Ms. Smith

learned of this lawsuit in early October of 2006.  This means that Ms. Smith knew of her interest in this lawsuit for at least two months prior to filing her motion to intervene.  The extent to which Ms. Smith recognized her interest in the case is evidenced by the fact that she offered to provide free legal assistance to Defendant.  (Smith's Br. 3.).  Thus, Ms. Smith made a decision not to intervene.  (*See* Smith's Br. 4 ("Counsel for the Township remarked that perhaps [Ms. Smith] should have intervened. [Ms. Smith] replied that there was no reason since the law firm was doing a commendable job of defending the action.").)  Though the length of the delay was not particularly long, the Court notes that it was a decision, not an accident or an oversight.  The Court finds that this factor weighs against intervention.  *See Cuyahoga Valley Ry. v. Tracy*, 6 F.3d 389, 396 (6th Cir. 1993).

### 4.  Prejudice to the Original Parties

The Court next considers the prejudice to the original parties due to Ms. Smith's failure, after she knew or reasonably should have known of her interest in the case, to apply promptly for intervention.  Both parties would suffer severe prejudice if the Court permitted Ms. Smith to intervene.  If the Court permitted Ms. Smith to intervene and the Court did not sign the proposed consent judgment, then the Court would need to establish a new schedule for the case.  If the Court did not change the case schedule, discovery would close within two weeks of Ms. Smith's admission and dispositive motions would be due within three weeks.  Moreover, the parties invested substantial efforts in reaching the proposed consent judgment, however, admission of Ms. Smith would negate those efforts.  Ms. Smith had knowledge of

8

the December 4 mediation and made a decision not to intervene in advance of the meeting, even though she knew that the Township would be represented at the mediation by at least one member of the Commission who did not share Ms. Smith's views on the proposed wireless tower.  (Smith's Br. 4.)  The Court finds this factor weighs against intervention.

### 5.  Unusual Circumstances

Neither the parties nor Ms. Smith have identified any unusual circumstances relevant to the question of intervention.

The Court having evaluated the five factors in consideration of all of the relevant circumstances concludes that Ms. Smith's motion to intervene is untimely.

### B.  Substantial Legal Interest and Impairment of that Interest

The Court next evaluates whether Ms. Smith has a substantial legal interest in the case and whether denial of her motion to intervene would impair her ability to protect that interest. The Sixth Circuit has adopted "a rather expansive notion of the interest sufficient to invoke intervention of right." *Mich. State AFL-CIO v. Miller*, 103 F.3d at 1245.  Ms. Smith  alleges that if the proposed wireless tower is built it will cause a substantial decrease in her property value.  Indirect decreases in property value are not sufficient to constitute a substantial legal interest for the purposes of Rule 24(a)(2).  *See, e.g.*, *Montana v. U.S. Envtl. Prot. Agency*, 137 F.3d 1135, 1142 (9th Cir. 1998) (holding that government approval of an action that may decrease property values of third parties is not sufficient to create an interest for the purposes of intervention).  Though this case is from the Ninth Circuit, the Court notes that the Ninth

9

Circuit has a broader notion of what constitutes a sufficient interest, therefore the Court finds this case to be persuasive authority. *See Mich. State AFL-CIO*, 103 F.3d at 1245 ("[T]he Ninth Circuit has adopted a broader rule that a public interest group that is involved in the process leading to adoption of legislation has a cognizable interest in defending that legislation.").  The Court finds that the potential decrease in property value that Ms. Smith may suffer is not a sufficient legal interest.

Ms. Smith also alleges that Lake Township illegally authorized the consent judgment. Ms. Smith alleges that the Township's December 7 hearing that authorized the proposed consent judgment was conducted in violation of the Michigan Open Meetings Act, however, this claim is being pursued separately by Ms. Smith in an action in Benzie County Circuit Court.  The answer to the complaint Ms. Smith filed with her motion to intervene does not make any claims based on the Open Meetings Act.  Thus, this Court is not the proper venue for the resolution of the alleged violations of the Michigan Open Meetings Act.

The Court finds that Ms. Smith does not have a substantial legal interest in this case. Additionally, denying Ms. Smith's motion to intervene cannot impair her ability to protect her legal interest because the Court found that Ms. Smith does not have a substantial legal interest in this case.

### C.  Adequate Representation

Lastly the Court must consider whether Ms. Smith's interest is inadequately represented by parties already before the Court.  Ms. Smith has the burden of proving that

10

she is inadequately represented by a party to the suit.  *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005).  This burden is minimal because Ms. Smith need only show that there is a potential for inadequate representation.  *Id.*  There is, however, a presumption of adequate representation that arises when an existing party and the third party seeking to intervene share the same ultimate objective.  *Id.* at 443-44.

Ms. Smith's ultimate objective appears to be the construction of a wireless tower that conforms to the ordinances of Lake Township.  In this lawsuit Defendant has the same objective, as is evidenced by Defendant's two prior rejections of the wireless tower for failure to comply with Defendant's ordinances.  Morever, Ms. Smith acknowledges Defendant adequately represented her interests until December 7, 2006.  (Smith's Br. 4, 8.)  Ms. Smith contends that Defendant ceased to adequately represent her when the proposed consent judgment was approved.  The fact that Defendant settled on terms different than Ms. Smith would have does not negate the adequacy of Defendant's representation.  *See Cuyahoga Valley Ry.*, 6 F.3d at 396 ("The intervenors chose to rely on the Attorney General's best efforts, which they were entitled to do.  They are not, however, entitled to then enter the proceedings after the case has been fully resolved, in an attempt to achieve a more satisfactory resolution.").  The Court therefore finds that Defendant adequately represents Ms. Smith in this lawsuit.

**III.**

The Court has found that Ms. Smith's motion to intervene was untimely, that she does not have a substantial legal interest in this lawsuit and that Defendant adequately represents her in this lawsuit.  For the foregoing reasons, Ms. Smith's motion to intervene as a defendant is denied.  An order will be entered consistent with this opinion.


Date:   January 12, 2007          /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE