UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW PAR d/b/a VERIZON WIRELESS
and SKYWAY TOWERS, LLC, a Delaware
limited liability company,

        Plaintiffs,

v.

File No. 5:06-CV-115

HON. ROBERT HOLMES BELL

LAKE TOWNSHIP, a Michigan municipal
corporation,

        Defendant.
                              /

## **O P I N I O N**

This matter is before the Court on Margaret A. Smith's motion for reconsideration (Docket #38), pursuant to W.D. MICH. LCIVR 7.4, and motion for leave to amend intervenor applicant's answer (Docket #40). Plaintiffs, New Par, doing business as Verizon Wireless, and Skyway Towers, LLC, commenced this action against Defendant, Lake Township, alleging that Defendant had denied Plaintiffs' application to build a wireless telecommunications tower ("wireless tower") in violation of procedural due process and the Telecommunications Act of 1996. On December 21, 2006, Ms. Smith filed a motion to intervene as a defendant. Both Plaintiffs and Defendant opposed Ms. Smith's motion to intervene. On December 28, 2006, the parties filed a proposed consent judgment. The Court denied Ms. Smith's motion to intervene as a defendant on January 12, 2007. On January 17,

2007, a consent judgment was entered. Then on January 19, 2007, Ms. Smith filed a motion for reconsideration. Ms. Smith contends that there are five palpable defects with the Court's January 12, 2007, opinion: (i) that there are outstanding issues as to standing and jurisdiction, (ii) that the parties misrepresented the December 4, 2006, mediation as a good faith effort, (iii) that intervention prior to December 8, 2006, would have required Ms. Smith to make false statements, (iv) that the Court must resolve the dispute about the Michigan Open Meetings Act, and (v) that Defendant filed affidavits containing false statements. Based on these alleged defects Ms. Smith contends that the Court should reconsider its previous decision denying her motion to intervene. For the reasons that follow, Ms. Smith's motion for reconsideration is denied.

I.

The relevant facts and procedural history are set forth in the Court's opinion denying Ms. Smith's motion to intervene as a defendant. (Jan. 12, 2007 Op., Docket #35, at 2-3.) The Court's local rules provide that, in a motion for reconsideration "[t]he movant shall not only demonstrate a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from a correction thereof." W.D. MICH. LCIVR 7.4(a). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001). After reviewing Ms. Smith's motion, brief and the accompanying evidence, the Court finds that there is no reason to reconsider the Court's previous opinion and order. Ms. Smith has

2

failed to demonstrate a palpable defect by which the Court was mislead and has not shown that a different disposition of the case must result. W.D. MICH. LCIVR 7.4(a).

II.

Ms. Smith sought to intervene as of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. To intervene as of right under Rule 24(a)(2) a third party must satisfy four elements:

> (1) timeliness of application; (2) a substantial legal interest in the case; (3) impairment of the applicant's ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court.

*Northeast Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1007 (6th Cir. 2006) (citing *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)). The Court's January 12 opinion determined that Ms. Smith's motion to intervene "was untimely, that she does not have a substantial legal interest in this lawsuit and that Defendant adequately represents her in this lawsuit." (Jan. 12, 2007 Op. at 12.) Each one of these determinations was alone sufficient to deny Ms. Smith's motion to intervene. Thus Ms. Smith must show a palpable defect as to all three determinations in order to show "that a different disposition of the case must result from a correction thereof." W.D. MICH. LCIVR 7.4(a). Ms. Smith's motion for reconsideration does not identify the relationship between each of the alleged palpable defects and the three conclusions which supported the Court's denial of Ms. Smith's motion to intervene.

3

Of the five alleged palpable defects, two bear some relationship to timeliness: that the parties misrepresented the December 4, 2006, mediation as a good faith effort and that intervention prior to December 8, 2006, would have required Ms. Smith to make false statements. In determining that Ms. Smith's motion to intervene was untimely the Court considered:

> "(1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention."

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 473 (6th Cir. 2000) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).

### A. Stage of the Proceeding

In assessing the stage to which the suit had progressed the Court considered the efforts that the parties had invested in the December 4, 2006, mediation session. Ms. Smith makes several arguments about whether the December 4, 2006, mediation session was conducted in good faith. If the mediation session was not conducted in good faith, then the parties do not have a legitimate interest in protecting the efforts they invested in the mediation session. Ms. Smith directs the Court to three different facts in support of her contention that the mediation session was not conducted in good faith. First, Ms. Smith directs the Court to a letter from Richard Haan, who is a member of the Lake Township Planning Commission and

who attended the mediation session.  Second, Ms. Smith directs the Court to compare the original application with the consent judgment.  Third, Ms. Smith contends that her suggestions prior to the mediation session were not considered at the mediation session or incorporated into the consent judgment.

The letter from Mr. Haan is an unsigned letter addressed to "To All Concerned." (Smith's Br. in Supp. of Mot. for Recons., Docket #38, Ex. 3.)  In the letter Mr. Haan expresses his disappointment with the mediation session.  The facts alleged by Mr. Haan, however, do not suggest that the mediation session was conducted in bad faith.[1]

Next the Court considers Ms. Smith's proposed comparison between the original application and the consent judgment.  Ms. Smith emphasizes the limited extent of the changes, but limited changes do not necessarily equate to a mediation having been conducted in bad faith.  Ms. Smith appears to attribute the limited changes to one member of the Lake Township Planning Commission, Robert Blank, who attended the mediation session. Ms. Smith argues that Mr. Blank's attendance at the mediation session was improper because he had voted in favor of the wireless tower at the last planning commission meeting. Ms. Smith also argues the Mr. Blank's attendance was improper as he favored the wireless tower because he is the Benzie County Sheriff and the proposed wireless tower would

---

[1]Ms. Smith also provides an affidavit from Jami Lee Haswell which contains hearsay statements from a conversation between Ms. Haswell and Mr. Haan. (Haswell Aff. ¶14, Smith's Br. in Supp. of Mot. for Recons., Ex. 4.)  To the extent that Mr. Haan's account of the mediation session as conveyed in Ms. Haswell's affidavit diverges from Mr. Haan's account in his letter, the Court relies upon Mr. Haan's letter.

provide a location for wireless communications equipment to be used by his department. While the Court did note Mr. Blank's previous vote in its January 12 opinion, the Court did not imply that Mr. Blank's attendance was improper.  While Mr. Blank was not aligned with Ms. Smith, this did not make his attendance at the mediation session improper.  As the sole member of the commission who had voted for the wireless tower, Mr. Blank was uniquely positioned to facilitate a compromise between the parties.  Also, Mr. Blank's attendance provided representation of the community's public safety interest in the proposed wireless tower.  The Court finds that Mr. Blank's attendance in no manner suggests that the mediation session was conducted in bad faith.  Therefore Ms. Smith has failed to offer a persuasive explanation for why the limited changes should be attributed to bad faith, as opposed to the strength of the parties' bargaining positions.

Lastly Ms. Smith argues that, contrary to Defendant's contention, her suggestions were not considered at the mediation session.[2]  In support of this contention Ms. Smith has provided a copy of the suggestions that she proposed to Defendant's counsel prior to the mediation session. (Letter from Margaret Smith to Richard Figura, Smith's Br. in Supp. of Mot. for Recons., Ex. 4.)  Ms. Smith does not directly refute the contention that her

---

[2] The Court's January 12 opinion discussed Ms. Smith's proposals in reference to the purpose of her intervention.  (Jan. 12, 2007 Op. at 7.)  As presented as part of the motion for reconsideration, however, Ms. Smith's proposals relate more directly to whether the mediation session was conducted in good faith.

suggestions were considered, instead Ms. Smith contends that the lack of consideration is evidenced by the absence of her proposals from the consent judgment.

A comparison of the consent judgment to Ms. Smith proposals indicates that at least two of her proposals were incorporated in a modified form. First, Ms. Smith proposed that the trees and shrubs planted as screening be "fully mature." (Letter from Margaret Smith to Richard Figura, Proposal 7.) The consent judgment does not require that the trees and shrubs be "fully mature" but it does require that the evergreen trees planted by Plaintiffs be at least five feet tall and the township supervisor must agree to the trees selected. (Consent J., Docket #37, at ¶7.) The chain link fence surrounding the compound will be eight feet high, so in a relatively short period of time the evergreen trees will be as tall as the chain link fence. Second, Ms. Smith sought additional screening and the consent judgment added screening on the north and west sides of the wireless tower. Ms. Smith contends that the screening on the east and south sides of the wireless tower which had been included in earlier proposals was omitted from the consent judgment. This contention is contrary to the terms of the consent judgment. The consent judgment provides that the "Site Plan and Construction Drawings . . . attached as Exhibit A . . . are expressly modified by this Consent Judgment." (Consent J. ¶2.) The paragraph adding screening on the north and west sides of the wireless tower does not eliminate any other screening. Moreover, the diagram of the wireless tower site reflects screening on both the east and south sides. (Site Plan and Construction Drawings, Consent J., Ex. A, at 2.) This is consistent with the Court's prior

conclusion, based on Defendant's representations, that Ms. Smith's proposals were considered and some of them were adopted in a modified form.

The Court finds that there is not a palpable defect in the Court's January 12 opinion as to the mediation session representing the good faith effort of the parties to reach an agreement. Thus there is no palpable defect in the Court's conclusion that the litigation had progressed to a stage that counseled against the motion to intervene.

**B. Possibility of Intervening Sooner**

Ms. Smith argues that she could not have intervened prior to December 8, 2006, because it was only after that date that she could have truthfully indicated that she was not adequately represented. However, on December 1, 2006, Ms. Smith sent an email to Defendant's counsel questioning why Defendant had not raised two specific defenses. (Smith's Br. in Supp. of Mot. for Recons., Ex. 2.) In her motion for reconsideration Ms. Smith emphasizes the significance of these defenses and the failure of Defendant to raise these defenses. (Smith's Br. in Supp. of Mot. for Recons. 2-3.) Given these facts, a primary basis on which Ms. Smith now seeks to intervene was known to Ms. Smith on December 1, 2006. Thus, Ms. Smith's own time line indicates that she could have asserted at least part of the basis for her motion to intervene earlier, but she declined to do so. Therefore there is no palpable defect in the Court's prior conclusion that Ms. Smith could have intervened sooner.

Ms. Smith has failed to show that there is a palpable defect in the Court's January 12 opinion as to Ms. Smith's motion to intervene being untimely. In order to prevail on a motion

to intervene, a party must meet all four requirements. *Northeast Ohio Coal. for the Homeless*, 467 F.3d at 1007. Even if the Court found palpable defects as to the other three requirements, the motion to intervene would still be denied because Ms. Smith did not meet the timeliness requirement. Therefore, Ms. Smith's motion for reconsideration is denied because she has failed to show that a different disposition of the case will result.

### III.

Ms. Smith's motion for leave to amend intervenor applicant's answer is also before the Court. As the Court has denied Ms. Smith's motion for reconsideration, Ms. Smith is not a party to this case. Additionally, the consent judgment resolved the dispute between the parties and terminated this case. As a result, any amendment to Ms. Smith's answer is moot. Therefore the Court denies Ms. Smith's motion for leave to amend her answer.

### IV.

Upon review the Court did not find a palpable defect in the Court's January 12 opinion denying Ms. Smith's motion to intervene as a defendant. Accordingly, Ms. Smith's motion for reconsideration is denied. As Ms. Smith is not a party to this case any amendment to her answer would be moot, therefore Ms. Smith's motion for leave to amend intervenor applicant's answer is denied. An order will be entered consistent with this opinion.

Date:   February 16, 2007           /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE